BRIDGES, P.J.,
for the Court.
1Í 1. On June 1, 2000, Mark Allen Anderson entered a guilty plea to felonious child abuse, sexual battery, and possession of methamphetamine. Anderson was sentenced to thirty years for the sexual battery charge. For the felonious child abuse, Anderson was given a suspended sentence of twenty years to run consecutive to the sentence for sexual battery. For the possession charge, he was given a concurrent thirty year sentence and $5,000 fine. He was also ordered to be placed on five years post-release supervision.
¶ 2. On June 25, 2002, Anderson filed a motion for post-conviction relief, which was summarily denied without hearing. Anderson has appealed this decision to this Court and raises that his guilty plea was not knowingly and intelligently entered and that he was afforded ineffective assistance of counsel.
¶ 3. We find no error and affirm the denial of post-conviction relief.
FACTS
¶ 4. Anderson was initially indicted by an Itawamba County grand jury of felonious child abuse, sexual battery and possession of methamphetamine, greater than thirty grams.
¶ 5. At the guilty plea hearing, Anderson stated under oath that he was guilty of all three charges and that he was entering his plea willingly and without coercion by his attorney or anyone else. The judge specifically asked Anderson if he was under the influence of intoxicating liquor or drugs of any kind or had any mental condition which would affect his ability to enter a valid guilty plea. Anderson stated under oath that he was not on drugs and was entering his guilty plea knowingly.
¶ 6. Anderson now contends that he consumed large doses of prescription medicine which caused him to not understand the nature of the guilty plea proceedings and make an informed decision whether to enter a guilty plea. He contends that he is innocent of the charges.
¶ 7. Anderson argues that his attorney failed to contact witnesses who could provide favorable testimony and that his attorney pressured him into pleading guilty. Anderson provides a list of potential witnesses to support his argument that his counsel was ineffective.
ARGUMENT
¶ 8. As noted by the trial court in denying the motion for post-conviction relief, Anderson’s responses to questions by the court during the guilty plea proceedings are in direct conflict with his motion for post-conviction relief. Anderson was asked if he was under the influence of drugs of any kind and he responded under oath that he was not. Also, when asked if he was satisfied with the legal services and *99 advice of his attorney, Anderson responded that he was satisfied.
¶ 9. Two of the witnesses that Anderson claims his attorney should have contacted, Anderson’s mother and ex-wife, both testified during the plea hearing as to Anderson’s character and asked for leniency in sentencing. Anderson’s mother admitted that he had a prior drug problem.
¶ 10. In order for this Court to reverse a trial court’s denial of post-conviction relief, we must find that a trial court’s decision was clearly erroneous. Taylor v. State, 766 So.2d 830, 832 (¶ 8) (Miss.Ct. App.2000), citing Kirksey v. State, 728 So.2d 565, 567 (Miss.1999). Here, Anderson’s contentions are directly contradicted by his own testimony under oath during the plea hearing. As noted by the State, “[t]rial judges are entitled to place great weight upon a defendant’s initial plea under oath.” Templeton v. State, 725 So.2d 764, 767 (Miss.1998).
¶ 11. Under Strickland v. Washington, 466 U.S. 668, 688-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), counsel’s performance must fall below an objective standard of reasonableness and there must be a reasonable possibility that, but for counsel’s errors, that the result of the proceedings would have been different.
¶ 12. Anderson’s argument is that his counsel should have investigated all the information that was provided regarding Anderson’s innocence. Based on the information provided by Anderson, none of these witnesses could specifically provide exonerating testimony, and two of the witnesses testified at the guilty plea hearing. Apart from Anderson’s vague speculations, there is no indication that Anderson’s counsel failed to investigate or was ineffective.
CONCLUSION
¶ 13. All of Anderson’s claims are directly contradicted by his own testimony at the guilty plea hearing. We are not persuaded that his motion for post-conviction relief contains “new truth” that could not have been brought to the trial court’s attention at the plea hearing. We affirm the court’s denial of post-conviction relief.
¶ 14. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.